IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD C. DAGGETT,<br><br>      Petitioner,<br><br>vs.<br><br>PAUL CHAPPIUS, Superintendent, Elmira Correctional Facility,<br><br>      Respondent. | No. 9:12-cv-01822-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 27] |

   On May 30, 2014, this Court denied Ronald C. Daggett, a New York state prisoner proceeding *pro se*, habeas corpus relief and also denied him a certificate of appealability. Docket Nos. 25 at 32, 26. On June 19, 2014, Daggett filed a motion pursuant to Federal Rule of Civil Procedure 60(b) "to be relieved from, based on error, the court's judgment." Docket No. 27 at 1. Because Daggett is seeking reconsideration of the judgment of this Court and the motion was filed within 28 days of entry of judgment, his motion is treated as a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Respondent answered on June 26, 2014. Docket No. 28.

   There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to present newly discovered or previously unavailable evidence; (3) to argue an intervening change in controlling law; and (4) to prevent manifest injustice. 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2012); *see also Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (district courts may alter or amend a judgment "to correct a

clear error of law or prevent manifest injustice" (citation omitted)).  A Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting WRIGHT ET AL., *supra*, § 2810.1 (2d 1995)).

Daggett has not made an adequate showing under any of the four basic grounds for amending or altering the judgment referenced above; rather, he simply repeats the argument he raised in his Petition that the state court allowed the prosecution to resurrect the Driving While Ability Impaired count in his second trial in violation of the Double Jeopardy Clause.  Docket No. 27 at 1.  In addressing the merits of Daggett's Petition, this Court examined this claim in detail and rejected it.  Daggett's arguments in the motion before this Court are nothing more than a rehash of the arguments already made and rejected by this Court.  In addition, Daggett's reliance on *Ashe v. Swenson*, 397 U.S. 436, 445 (1970), is misplaced.  In *Ashe*, the United States Supreme Court held that the federal rule of collateral estoppel in criminal cases is embodied in the Fifth Amendment guarantee against double jeopardy.  *Id*. at 445.  Therefore, in a criminal proceeding, collateral estoppel "bars the Government from relitigating an issue decided in a defendant's favor by a valid final judgment."  *United States v. Citron*, 853 F.2d 1055, 1058 (2d Cir. 1988) (citing *Ashe*, 397 U.S. at 443).  Here, in contrast to *Ashe*, the jury did not decide any issue concerning the Driving While Ability Impaired charge because the trial court granted the prosecution's motion to dismiss that charge before voir dire at Daggett's initial trial.  Docket No. 25 at 1.  Daggett has not pointed to any law indicating that this Court's denial of his double jeopardy claim was in error, and has accordingly failed to provide any basis upon which this

Court could alter or amend the judgment.  Daggett additionally fails to provide any basis for this Court to reconsider its prior determination not to grant a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** the Motion for Relief from Judgment at Docket No. 27 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).  Any further request for a certificate of appealability must be addressed to the Second Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.

Dated: July 8, 2014.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge